ALICE P. GEBHARD,

*vs.*

ISAAC D. SHORT and JAMES P. DUKES, Sheriff.

*Sussex, Sept.* 17, 1914.

Under a statute, giving to any person furnishing material for a building under a contract with the owner of the building or his agent a lien on the building and the land on which it is erected by filing a statement of his claim, where a married woman knew that her husband was building a

house on land the record title to which was in her name, but neither objected thereto, nor made any inquiry as to who was furnishing materials, and a lien was filed by a materialman against the husband as "owner or reputed owner," on which judgment was obtained in a suit in which the *sci. fa.* was served on the wife, but in which she set up no defense, and the husband did not set up her title as a defense, she was not entitled to an injunction against a sale.of the property for the satisfaction of such judgment.

If the complainant be responsible for the situation from which a cloud on title to land exists he will not be entitled to equitable relief.

BILL FOR AN INJUNCTION. The bill was filed to obtain a perpetual injunction against further proceedings under a writ of *levari facias* issued in Sussex County on a judgment obtained in the Superior Court in a mechanic's lien case, on the ground that in the statement of claim the husband of the complainant was alleged to be the owner, or reputed owner, while in fact the complainant was the owner by a duly recorded deed. The cause was heard on pleadings, exhibits and depositions of witnesses.

The facts appear in the opinion of the court.

*Robert G. Houston*, for the complainant.
*Andrew J. Lynch*, for the defendants.

THE CHANCELLOR. The complainant, as the owner of a lot of land in Milford on which a building has been erected, seeks a perpetual injunction against any further proceedings to enforce by *levari facias* already issued on a judgment obtained in the Superior Court on a mechanic's lien claim filed by the defendant Short, and the sheriff is made a co-defendant because of the writ in his hands and an advertisement of sale pursuant thereto. The lien was filed against Emil P. Gebhard, the husband of the complainant, as "owner, or reputed owner," for materials furnished, and the *sci. fa.* in the suit was served on her, though she was not a party to it. The judgment was obtained notwithstanding an affidavit of defense made by the husband, who did not set up as a defense the matter relied on in the bill.

By the bill it is alleged the husband is not and never was the owner, and has no interest or estate in the land, and that the sale by the sheriff, if consummated, will cast a cloud on the title of the complainant, for which there is no adequate remedy at law. In the answer it is alleged, among other things, that the husband was the owner, or reputed owner; that the complainant, his wife, had full knowledge of the erection of the house; that it was being erected for her benefit, as well as for the benefit of her husband; and that as she did not disclose her ownership and permitted the erection of the building, she was estopped to deny the lien or avoid payment of the amount due to the defendant, Short.

From the testimony it appears that the land was bought by the wife with her own money and deeds to her were recorded in February and March, 1912, before the defendant Short furnished any material, which began in June, 1912. She testified that when she bought the land she knew the building was to be erected on it, and knew that it was being built, but denied consenting thereto, because her consent had never been asked. She denied having ordered materials from Short, or having made any contract with him. It does not appear that she inquired as to who was erecting the building, or who were furnishing materials, or that she ever objected to the building of the house. Whether or not Short examined the records as to the title before furnishing the goods does not appear; but he testified that he did not know until after they were furnished that the husband was not the owner, and rather concluded from statements of other persons that he was at least the reputed owner. He did know the fact as to ownership before the lien was filed, and in his statement of claim described the husband as "owner or reputed owner". Testimony was given on behalf of the defendant Short, tending to show that the husband of the complainant was reputed by other persons to be the owner of the land.

By the statute of this State, any person who furnished material for the erection of a building in pursuance of any contract, express or implied, with the owner of the building, or with the agent of such owner, may obtain a lien on the build-

ing and the land on which it is erected by filing a statement of his claim, setting forth among other things, the name of the owner, or reputed owner, and also of the · contractor, and whether the contract of the plaintiff was made with the owner, or his agent, or with such contractor. *Chapter* 145, *Vol.* 16, *Laws of Delaware.* In his statement filed in the Superior Court, the defendant Short alleged that Emil P. Gebhard was "the owner, or reputed owner," and that Short's contract was made with him.

This court is bound by the judgment rendered in the Superior Court. Necessarily it was there determined that Short had a lien for the materials he furnished, which means that the court found that he had furnished the materials in pursuance of a contract, express or implied, with the owner, or with the agent of the owner. It is not a sufficient reason for this court to deprive him of any benefit of the judgment and lien that the statement of his claim filed in the law court alleged that the husband of the complainant was the "owner, or reputed owner," whereas in fact the complainant was the real owner by virtue of the recorded deed to her for the land on which the building was erected. Yet this is the ground alleged for the jurisdiction of this court. Neither the husband or the wife have set up as defenses at law the matters here alleged as a ground for equitable relief. It is not clear that the complainant, being served with process, would not have been allowed to make there the defense here set up against the validity of the lien, and it is not shown that she made the effort to do so. Nor is it decisive of the duty of this court to act, that the judgment at law is a cloud on the title of the complainant. If by her unreasonable conduct she is responsible for the situation from which the cloud exists, she cannot expect this court to relieve her of the cloud on the title to her land, if there be one here.

This court does not, in this case,. deem it necessary to define the meaning of the expression "reputed owner" as distinct from the real owner. It probably does not mean reputation in the community as to ownership. It may mean that if one is from the facts of each case justified as against the real

owner in believing that the land on which the building is to be erected is owned by some one other than the real owner, and furnishes materials for the building on the faith thereof and on the credit of the building, he is entitled to his lien as against the real owner. This involves the conduct of the real owner. Whatever may be the definition or limitations of meaning of the phrase "reputed owner," it is clear that in this case the complainant is not entitled to the injunctive relief sought by her. As she knew the building was to be erected on her land and that it was in the process of erection, she will not be helped by this court to avoid the payment for the materials used in the building, even though her deed be of record. As to persons not related by matrimonial ties, the same rule would not necessarily apply. But the relationship of husband and wife is so close, and their interests and purposes are theoretically so uniformly co-operative and harmonious, that it is surely the duty of a married woman to make known promptly and effectually to one who deals with her property pursuant to the authority of her husband any divergence of interest or opposition to such dealing, and if she fails to so act she cannot expect help from this court to accomplish an injustice. By standing by while this building was being erected by her husband on her land, with full knowledge of it, she cannot in this court be allowed to enjoin the collection of the cost of materials which went into the building by saying that the man who furnished the materials should have looked at the record of deeds, or by showing that her husband was neither owner or reputed owner. By her omission to act she justified Short in believing that her husband was the owner, and as to Short, he was the reputed owner in such way as to bind her and give him a right to collect his debt for materials furnished by enforcing the lien given to him by the statute. This may not be technically an estoppel, but it is so like it that it justifies the conclusion here reached. There are decisions elsewhere which show that courts of law, or courts with mixed jurisdiction, might reach a different conclusion on this state of facts, and there are no decisions in this State in point. In some States the courts would surely agree with the conclusions here reached.

For the reasons, then, that the defenses to the validity of the lien of the defendant Short were not made, or attempted to be made, in the action in the Superior Court, and that the judgment there obtained presumes the existence of the statutory requirements for the lien, and that because of her knowledge of the erection of the building, she is not in a position to obtain relief from this court to deprive of his remedy one who furnished materials for the house and whose claim for payment thereof is still unsettled, an injunction will be denied.

A decree.will be entered dismissing the bill, and the costs will be put on the complainant.